IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRANCES WHITE,

                *Plaintiff,*

v.

                                                  Cause No. 3:22-CV-168-CWR-FKB

MARTIN O'MALLEY, Commissioner
of Social Security,

                *Defendant.*

## ORDER

Before the Court is Plaintiff Frances White's *Motion for Award of Attorney Fees*.[1] Docket No. 20. On review, the motion will be granted.

## I.    Factual and Procedural History

In August 2019, Frances White filed a claim for benefits with the Social Security Administration ("SSA"). The SSA initially denied her claim. White requested a hearing before an Administrative Law Judge ("ALJ"), who held a hearing in August 2021. The ALJ concluded that White suffered from severe schizoaffective disorder, but was not entitled to benefits because the disorder did not prevent her from working. White then asked the SSA's Appeals Council to review the ALJ's decision. The Appeals Council denied her request, finding "no reason" for review. Docket No. 10 at 5.

---

[1] The Court has automatically substituted Martin O'Malley as the defendant pursuant to Rule 25(d).

White timely appealed to this Court. While the Magistrate Judge found that the ALJ's determination was "supported by substantial evidence and that no reversible errors of law were made," Docket No. 16 at 11, this Court reversed and remanded. Docket No. 19. White's schizoaffective disorder waxed and waned, so the law of this Circuit required the ALJ to also determine whether White "can *hold* whatever job [s]he finds for a significant period of time." *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) (citations omitted). The ALJ had not done that. The case was remanded for further findings.

In the present motion, White seeks $12,472.17 in attorney's fees and expenses under the Equal Access to Justice Act (EAJA). She says she was the prevailing party in this case and there are no special circumstances to make an award unjust. She has attached her counsel's itemized timesheet showing 56.4 hours of work on this matter.

The government opposes the motion. It acknowledges that White is the prevailing party, but argues that it was "substantially justified" in claiming that she "retained the residual functional capacity to maintain employment in some types of work on a regular and continuing basis." Docket No. 21 at 2-3. Alternatively, the government asserts that "the relatively short length of the administrative transcript[] and the issues in the case" support reducing counsel's reimbursable time from 56.4 hours to 46.4 hours. *Id.* at 4.

While this motion was pending, a different ALJ considered White's claim under the appropriate legal standard. She concluded that White had suffered from schizophrenia and major depressive disorder since September 1, 2016, and had been unable to sustain employment for a significant period. For these and other reasons, the ALJ awarded White Social Security benefits.

2

II.    **Legal Standard**

"[T]he purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable government actions." *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (cleaned up). To accomplish this end, the statute provides attorney's fees, expenses, and costs of court to a party who seeks judicial review of an agency action and prevails, unless the government's position was "substantially justified" or "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). In a Social Security case, a claimant is a "prevailing party" if she secures a remand order. *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010).

A "substantially justified" position requires "a reasonable basis in law and in fact." *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). It does not mean that the government was "justified to a high degree" in its position, but instead that the government's position was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's loss in a case does not automatically give rise to an EAJA award. *Broussard*, 828 F.2d at 312.

The government has the burden to prove that its position was substantially justified "at all stages of the litigation." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citations omitted). That includes both the administrative proceedings and the civil action seeking review. 28 U.S.C. § 2412(d)(2)(D). Accordingly, a court must examine "the underlying decisions" of the ALJ and the SSA, and "the government's litigation position defending the agency action," to adjudicate a substantial justification dispute. *Nkenglefac v. Garland*, 64 F.4th 251, 253 (5th Cir. 2023) (affirming a $56,169.79 EAJA award).

3

### III.     Discussion

The government does not dispute that White is the prevailing party for EAJA purposes. It also does not contend that any special circumstance makes an award unjust.

The government primarily argues that White's fees and costs should be refused because its position was substantially justified. Docket No. 21 at 1. Specifically, it claims that "the ALJ's references to the words 'sustained' and 'successful' in her decision indicated that the ALJ found that [White] retained the residual functional capacity to maintain employment in some types of work on a regular and continuing basis." *Id.* at 3.

The government has mischaracterized the record. The ALJ did not use the word "sustained" to indicate White's ability to hold a job. *See* Docket No. 10 at 19-37. Instead, she used it in defining the terms "residual functional capacity," "extreme limitation," and "marked limitation." *Id.* at 21-22. These were boilerplate cut-and-paste definitions, not factual findings about White's circumstances. As the Fifth Circuit said in a similar case years ago, "[t]his is not the type of finding contemplated in *Singletary*." *Moore v. Sullivan*, 895 F.2d 1065, 1069 (5th Cir. 1990).

The government similarly misleads in its characterization of the ALJ's use of "successful." The ALJ said White "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Docket No. 10 at 36. But the legal standard requires a factual finding on whether the claimant "can *hold* whatever job [s]he finds for a significant period of time." *Singletary*, 798 F.2d at 822. Adjusting to a new job over the short-term says nothing about keeping it over the long-term.

Schizophrenia is a chronic illness that naturally waxes and wanes in its severity, even during the course of treatment. Docket No. 18 at 3. When a claimant presents a severe impairment that waxes and wanes, as White did here, precedent requires the ALJ to determine whether the claimant can or cannot *obtain* employment and *maintain* said employment. *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003).

This law was well-established when White filed her claim. First announced in *Singletary, see supra*, this standard has been used for over 30 years by judges across the circuit in cases involving claimants whose mental health conditions wax and wane. *See Leidler v. Sullivan*, 885 F.2d 291 (5th Cir. 1989) (remanding the case of a plaintiff with schizophrenia and ordering application of the *Singletary* standard); *Moore*, 895 F.2d at 1070 (same); *Cline v. Astrue*, 577 F. Supp. 2d 835, 850 (N.D. Tex. 2008) (same for plaintiff with severe bipolar disorder); *Cox v. Astrue*, No. 7:07-CV-57-BF(R), 2008 WL 4936388, at *10 (N.D. Tex. Nov. 18, 2008) (same for plaintiff suffering from depression and other mental illnesses); *Eastham v. Comm'r of the SSA*, No. 3:10-CV-2001-L, 2012 WL 691893, at *2 (N.D. Tex. Feb. 17, 2012), *report and recommendation adopted* 2012 WL 696756 (N.D. Tex. Mar. 5, 2012) (same for plaintiff suffering from PTSD); *Cormier v. Colvin*, No. 6:15-CV-1773, 2016 WL 3024743, at *11 (W.D. La. May 3, 2016) ("the ALJ's finding that the claimant has the residual functional capacity to perform work at all exertional levels with the limitations outlined by the ALJ in her ruling cannot be understood as implicitly incorporating a finding that the claimant is capable of sustaining employment in such a job"), *report and recommendation adopted* 2016 WL 3040147 (W.D. La. May 23, 2016); *Evans v. Comm'r of Soc. Sec.*, No. 4:18-CV-147-JMV, 2019 WL 4018345, at *4 n.2 (N.D. Miss. Aug.

26, 2019) ("To the extent the Commissioner suggests the ALJ's reference in the introductory portion of her decision to the regulatory definition of RFC satisfies the *Singletary* requirement, this argument is without merit under the facts of this case; nor is any legal authority offered to support it."); *Darby v. United States Comm'r, SSA*, No. 6:19-CV-1073, 2020 WL 4578957, at *9 (W.D. La. Jul. 17, 2020), *report and recommendation adopted* 2020 WL 4576524 (W.D. La. Aug. 7, 2020) (same for plaintiff with severe bipolar disorder); *Michele G. v. Kijakazi*, No. 4:20-CV-640, 2021 WL 4034064, at *5 (S.D. Tex. Sept. 4, 2021) (remanding where ALJ found need for medical expert to consider waxing and waning mental health symptoms, yet failed to hire expert and denied benefits); *Armando P. v. Comm'r of SSA*, No. 3:20-CV-2495-BK, 2022 WL 912692, at *4 (N.D. Tex. Mar. 28, 2022) (remanding for application of *Singletary* where plaintiff suffered from schizophrenia); *Morris v. Kijakazi*, No. 1:21-CV-84-JMV, 2022 WL 1277282, at *4 (N.D. Miss. Apr. 28, 2022) (remanding for *Singletary* analysis where plaintiff suffered from schizoaffective disorder, bipolar disorder, PTSD, depression, and anxiety); *Wilson v. Kijakazi*, No. 4:21-CV-3964, 2022 WL 17742005, at *3 (S.D. Tex. Nov. 17, 2022) (same for plaintiff with PTSD, depression, and anxiety), *report and recommendation adopted* 2022 WL 17738736 (S.D. Tex. Dec. 16, 2022). In those cases, as in our own, ALJs unfortunately ignored the Fifth Circuit's legal standard, and as a result inadequately considered how persons with severe mental health conditions may be unable to maintain employment.

Perhaps owing to the strength of this precedent, the District Courts that decided these cases granted EAJA awards to every claimant seeking them. *See Cline v. Astrue*, No. 3:07-CV-985-N, Docket No. 38 (N.D. Tex. Nov. 24, 2008) (awarding $3,774.24); *Cox v.*

*Astrue*, No. 7:07-CV-57-BF, Docket No. 37 (N.D. Tex. Feb. 25, 2009) (awarding $15,640.93 for 93.3 hours of work); *Eastham v. Comm'r of the SSA*, No. 3:10-CV-2001-L, Docket No. 38 (N.D. Tex. Oct. 6, 2014) (awarding $3,480.25); *Evans v. Comm'r of Soc. Sec.*, No. 4:18-CV-147-JMV, Docket No. 29 at 3 (N.D. Miss. Dec. 12, 2019) (rejecting government's argument that its position was substantially justified and awarding $7,154.15 "because the standard announced in *Singletary* . . . has long been established in the Fifth Circuit"); *Darby v. United States Comm'r, SSA*, No. 6:19-CV-1073, Docket No. 17 (W.D. La. Sept. 23, 2020) (awarding $3,825.00); *Michelle G. v. Kijakazi*, No. 4:20-CV-640, 2022 WL 74331 (S.D. Tex. Jan. 7, 2022) (awarding $8,841.70); *Armando P. v. Comm'r of SSA*, No. 3:20-CV-2495-BK, Docket No. 32 (N.D. Tex. Sept. 23, 2022) (awarding $6,041.14); *Morris v. Kijakazi*, No. 1:21-CV-84-JMV, Docket No. 23 (N.D. Miss. June 28, 2022) (awarding $6,407.27); *Wilson v. Kijakazi*, No. 4:21-CV-3964, Docket No. 23 (S.D. Tex. March 23, 2023) (awarding $7,409.10).[2] The Court sees no reason to reach a different result here.

The government observes that the Magistrate Judge to first consider this case recommended affirming the ALJ's denial of benefits. Docket No. 21 at 4. The Court agrees that this fact is entitled to some weight. It also understands, though, that judges will on occasion disagree with each other about the proper disposition of Social Security cases involving claimants with waxing and waning symptoms. In both *Leidler* and *Moore*, for example, the Fifth Circuit reversed the District Court and remanded the claim to the agency for *Singletary* findings. At the end of the day, the analysis must be governed by

---

[2] No EAJA award was sought in *Cormier*. This Court did not find any fee-related records from the Fifth Circuit or the District Court's dockets in *Leidler* or *Moore*.

whether the government's position was substantially justified at all stages of the agency and court proceedings, per 28 U.S.C. § 2412(d)(1)(A), not just by whether one judge in the subsequent chain of review agreed.

In this case, having evaluated the record twice now, the Court finds that the government's position was not substantially justified after October 7, 2021—the date the ALJ released her decision. When she made factual findings of schizoaffective disorder and described at great length White's periods of waxing and waning symptoms, the requirements of *Singletary* were triggered. The ALJ's failure to conduct that analysis, and the government's later refusal to acknowledge her error over the course of this litigation, was unreasonable. An EAJA award is appropriate.

As an alternative argument, the government urges the Court to reduce the EAJA award in this case by 10 hours' worth of attorney time. It is not clear how the government arrives at that proposed reduction. It is not based on an argument that counsel's work on a particular pleading or brief was unreasonable. Because the proposed reduction appears to be arbitrary, the Court declines to impose it.

**IV.    Conclusion**

The motion is granted. The government shall pay White $12,472.17 in the usual manner.

**SO ORDERED**, this the 15th day of July, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE